```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

WILLIAMS-RHODES                                  CIVIL ACTION

VERSUS                                           NO: 10-3221

GUSMAN ET AL.                                    "J" (2)
```

**ORDER AND REASONS**

Before the Court are Petitioner Shannon Williams-Rhodes's **Petition for Habeas Corpus (Rec. Doc. 1)** and Respondents' **Response (Rec. Docs. 10 and 11)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Petitioner Shannon Williams-Rhodes is a pre-trial detainee in Orleans Parish Prison, awaiting trial on the charges of aggravated rape of a child under the age of thirteen and accessory to aggravated rape of a child under the age of thirteen. Her husband, Willie Rhodes, was also indicted on three counts of aggravated rape of a child under the age of thirteen.

Between April 30, 2009, and July 2, 2009, every section of Orleans Parish Criminal District Court recused itself from this matter. On July 24, 2009, Judge James Canella was appointed to preside over the prosecution.

**THE PARTIES' ARGUMENTS**

Petitioner challenges her detainment under 28 U.S.C. § 2254 on four grounds: ineffective assistance of counsel, judicial

1

misconduct, prosecutorial misconduct, and violation of due process. She claims that she has been unlawfully detained since 2008 because the assigned Magistrate Judge Marie Bookman, her husband's cousin, colluded with the District Attorney's Office to initiate false charges so that she could retain custody of Petitioner's son.

The Government responds that Petitioner's application should be dismissed with prejudice because the four claims raised by Petitioner have never been presented to any state appellate court. The Government notes that although Petitioner styled her Petition as a claim for relief under 28 U.S.C. § 2254, her Petition actually falls within 28 U.S.C. § 2241 because she is a pre-trial detainee. The Government explains that although an exhaustion requirement is not present in the statutory language of § 2241, courts have abstained from granting the Writ if state procedures are available to the petitioner. Additionally, the Government argues that Petitioner's Petition is premature and barred from consideration by this Court by the doctrine of abstention.

## DISCUSSION

This Court is empowered to entertain an application for a writ of habeas corpus by a person in custody under a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). However, in order to be eligible for habeas relief, Petitioner must have exhausted her available state remedies. Dickerson v. Louisiana, 816 F.2d 220, 224-25 (5th Cir.1987). The Fifth Circuit explained that "[the exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Id. at 225.

In order to exhaust her claims, Petitioner must "present [her] claims before the [state] courts in a procedurally proper manner according to the rules of the state courts."See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988). Because Petitioner has only presented her arguments to the Louisiana state trial court–and not appealed the denial of her Petition to any Louisiana appellate court, the Court finds that Petitioner has not exhausted her state court remedies.

The Court concludes that the proper remedy is to dismiss Petitioner's Petition without prejudice and allow her to pursue her claim in the Louisiana state court system. If, after exhausting her claim in the state courts, she is ultimately unsuccessful in obtaining relief, she can re-file her application in federal district court without having to contend with the

3

requirements under Antiterrorism and Effective Death Penalty Act relating to successive habeas applications. In re Gasery, 116 F.3d 1051, 1052 (5th Cir. 1997) (refiling of federal habeas petition following dismissal of original petition without prejudice for failure to exhaust state remedies is merely a continuation of first collateral attack, and thus not a "successive petition" within the meaning of 28 U.S.C. § 2244(b)).

**IT IS ORDERED** that Petitioner Shannon Williams-Rhodes's **Petition for Habeas Corpus (Rec. Doc. 1) is DISMISSED without prejudice**.

New Orleans, Louisiana, this 3rd day of March, 2011.

CARL J. BARBIER
U.S. DISTRICT COURT JUDGE